**Clarence HAYWOOD, Plaintiff–
Appellant,**

v.

**Stephen J. HILLMAN, Magistrate
Judge; et al., Defendants–
Appellees.**

No. 12–56845.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.*

March 4, 2014.

Clarence Haywood, San Bernardino, CA,
pro se.

Robert I. Lester, Office of the U.S. Attorney, Los Angeles, CA, for Defendants–
Appellees.

Before: ALARCÓN, O'SCANNLAIN,
and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Former California state prisoner Clarence Haywood appeals pro se from the
district court's order striking a document
he filed in violation of a vexatious litigant
order issued in his action under *Bivens v.
Six Unknown Named Agents of Federal
Bureau of Narcotics,* 403 U.S. 388, 91
S.Ct. 1999, 29 L.Ed.2d 619 (1971). We
have jurisdiction under 28 U.S.C. § 1291.
We review for an abuse of discretion, *Moy
v. United States,* 906 F.2d 467, 469 (9th
Cir.1990), and we affirm.

In a previous appeal, this court affirmed
the district court's imposition of a vexa-
tious litigant order against Haywood that
required him to obtain the court's permission before filing any future claims regarding an alleged judicial conspiracy to uphold
his criminal convictions under California's
purportedly unconstitutional three-strikes
law. *See Haywood v. Hillman,* No. 08–
56338, 398 Fed.Appx. 296 (9th Cir. Sep. 13,
2010). Because Haywood failed to obtain
the court's permission before filing the
document at issue in violation of the vexatious litigant order, the district court did
not abuse its discretion by rejecting it. *Cf.
In re Fillbach,* 223 F.3d 1089, 1090 (9th
Cir.2000) (affirming the dismissal of a petition filed in the district court to try to
circumvent the bankruptcy court's vexatious litigant order).

Haywood's motion to expedite, filed on
February 5, 2014, is denied as moot.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.